Lukaszewicz, Respondent, vs. Dziadulewicz and another, Appellants.

*April 2—April 30, 1929.*

The cause was submitted for the appellants on the briefs of *Casimir Gonski* of Milwaukee, and for the respondent on that of *Shockley & Dougherty* of Milwaukee.

OWEN, J. The plaintiff in this action sets forth three articles of considerable length published in a newspaper of which the defendants are, respectively, editor and publisher (name of paper not disclosed), concerning the candidacy of plaintiff for alderman from the Fourteenth ward of the city of Milwaukee. A demurrer to the complaint was overruled by the trial court. Upon this appeal from the order overruling the demurrer the appellants contend that the trial court was in error in holding that the articles published were libelous *per se*. We agree with that contention, and find it rather difficult to make any comments that will be of value to the profession, as no particular portion of the articles is specifically urged upon our attention as justifying the conclusion of the trial court.

It is thoroughly established that discussions of the qualifications and fitness of candidates for public offices are conditionally privileged. Such discussions, however, must be confined to truthful statements. They must not malign, falsify, insult, or hold up to public hatred, contempt, or ridicule, but comment may be caustic and severe when confined to facts. *Buckstaff v. Viall,* 84 Wis. 129, 54 N. W. 111; *Buckstaff v. Hicks,* 94 Wis. 34, 68 N. W. 403; *Arnold v. Ingram,* 151 Wis. 438, 138 N. W. 111; *Williams v. Hicks P. Co.* 159 Wis. 90, 150 N. W. 183; *Leuch v. Berger,* 161 Wis. 564, 155 N. W. 148; *Putnam v. Browne,* 162 Wis. 524, 155 N. W. 910.

It appears that the plaintiff had formerly represented the Fourteenth ward in the city council of Milwaukee. The articles comment upon his official conduct during such time and, especially, criticise his support of and loyalty to one Harper, who was at that time a building inspector of the city of Milwaukee. This was plainly a legitimate subject of comment, especially when he was again submitting himself as a candidate for the same office. It appears that he had been a candidate for this same office on numerous occa-

sions, and the article criticises his persistent candidacy and commends the good judgment of the voters of the Fourteenth ward for his defeat upon prior occasions. This also is a legitimate subject of comment. It appears that he conducted a bakery and had an established business. He was running against a veteran of the World War. One article comments upon this fact in the following language:

"Again we ask, and the entire Fourteenth ward is with us in this demand, where was Mr. Lukaszewicz at the time Alderman Janicki lay wounded on the battlefields of France? Where, when, and how did Mr. Lukaszewicz make a similar sacrifice? At that time Mr. Lukaszewicz grew fat selling bakery at war-time prices. Mr. Lukaszewicz purports to be a patriot, yet he tries, at all costs, to deprive an able, conscientious ex-soldier, and one who is physically disabled, of his bread and butter. Mr. Lukaszewicz should be ashamed of such niggardliness. When the boys, and among them Alderman Janicki, departed for the battlefields, Mr. Lukaszewicz idolized them for their bravery. What is that great patriot doing today? Today, he would deprive a world veteran of his last crumb of bread. We ask, in the face of all this, how can Mr. Lukaszewicz, owning a wholesale and retail bakery, and abounding in wealth, and who on a previous occasion had proven himself unfit as an alderman, expect the support of the Fourteenth ward voters. Ladies and gentlemen of the Fourteenth ward: We hope that your answer in the primaries will read something like this: 'Mr. Lukaszewicz is unworthy of our support and our votes.' "

This portion of the articles comes as near being libelous as anything to be found in any of them. There is no allegation in the complaint that Alderman Janicki was not wounded in the World War, neither is there any allegation in the complaint that the statement that the plaintiff remained at home during the World War, conducted his business and took advantage of the business conditions existing during the World War, was untrue. These are the substantial statements of fact contained in this portion of the article. All of the rest is mere comment thereon. It appears to us to be not only

permissible comment, but comment that has been indulged in in this country since the days of the Civil War when a veteran of that war was a candidate against one that did not enlist in the war. Fundamentally this may not constitute a substantial basis upon which to compare the respective qualifications of candidates. for office, but, nevertheless, in a democracy, it must be conceded that it is not without its appeal. In a democracy appeals may be made to prejudice as well as common sense. Comment may be caustic and severe when confined to the facts. The comment in this article goes no further. It does not charge the plaintiff with a crime. If it holds him up to public contempt or ridicule, it is only that which a certain segment of public opinion imputes to the facts. The same thing could have been said with reference to any other business man who stayed at home during the war and continued in the prosecution of his business while the opposing candidate was facing shot and shell in fighting his country's battles. The law does not bridle such comment. All may not agree with the comment, all may not share in the conclusions drawn, but none can deny the existence of the basic facts. If the plaintiff be held up to public ridicule and contempt by reason of these comments, it is not due to the conclusions expressed in the comments but due to the facts which are not in dispute.

It seems unnecessary to refer to other portions of these articles. It will appear to those familiar with the alleged libelous publications that if the portion of the article here discussed be not libelous, other portions thereof cannot be so held.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer.